UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DARRELL NEWTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17-cr-00073-JAW-1 |
| | ) | 1:20-cv-00299-JAW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 1010.) Following a guilty plea, Petitioner was convicted of conspiracy to distribute controlled substances; the Court sentenced Petitioner to 240 months in prison. (Judgment, ECF No. 961.) Petitioner did not file an appeal.

Petitioner claims his attorney provided ineffective assistance of counsel by: (1) failing to object to a firearm-related sentencing guideline enhancement; (2) misleading Petitioner concerning the possibility of a greater mandatory minimum sentence if Petitioner withdrew his guilty plea; (3) neglecting to advise Petitioner of alternatives to the plea agreement, such as an open plea; (4) failing to file an appeal; and (5) disregarding Petitioner's directive to file a motion to withdraw Petitioner's plea. (Amended Motion, ECF No. 1028.)[1] The Government requests dismissal. (Response, ECF No. 1049.)

---

[1] Petitioner originally included additional grounds for relief but withdrew some of the grounds in his amended motion. (*Id.* at 13.) Petitioner also corrected the original motion to specify the relief he seeks. (Motion to Amend, ECF No. 1035; Second Amended Motion at 14, ECF No. 1035-1.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, deny Petitioner's request for relief, and dismiss Petitioner's motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In May 2017, the grand jury indicted Petitioner on one count of conspiracy to distribute and possess with intent to distribute heroin, fentanyl, and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and one count of possession with intent to distribute heroin and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Indictment, ECF No. 2.) In November 2017, pursuant to 21 U.S.C. § 851, the Government filed an information charging Petitioner with a prior conviction, notifying Petitioner that he was subject to enhanced penalties if convicted, including a mandatory minimum 20 years in prison. (Information, ECF No. 357); 21 U.S.C. § 841(b)(1)(A) (2016).

In October 2018, Petitioner pled guilty to the conspiracy charge pursuant to a plea agreement. (Change of Plea Hearing, ECF No. 686.) As part of the plea agreement, Petitioner waived his right to appeal if the sentence did not exceed 276 months, and the Government agreed to seek dismissal of the second count of the indictment, to recommend a guidelines reduction for acceptance of responsibility, and to recommend a sentence of no more than 300 months in prison. (Amended Plea Agreement, ECF No. 687.) Petitioner admitted that between 2015 and 2017, his participation was central to a conspiracy that transported cocaine base, heroin, and fentanyl from Rochester, New York for storage and

distribution through twelve to fifteen houses in central Maine. (Amended Prosecution Version, ECF No. 688.)

In December 2018, Congress and the President enacted the First Step Act, Pub. L. No. 115- 391. Section 401 of the First Step Act reduced the statutory mandatory minimum penalties pursuant to 21 U.S.C. §§ 841 and 851 for defendants found to have certain prior convictions. *Id.* § 401(a). The First Step Act also changed the category of qualifying offenses from a "felony drug offense" to a "serious drug felony" or a "serious violent felony." *Id.* A "serious drug felony" is a drug felony punishable by more than ten years imprisonment for which the offender was released from prison within fifteen years of the new offense after serving at least twelve months in prison. *Id.*; 18 U.S.C. § 924(e)(2).

Before sentencing, the Government acknowledged that the applicable enhanced mandatory minimum for Petitioner's prior conviction had changed from twenty years to fifteen years, but because the Department of Justice instructed federal prosecutors to allege and prove the new factors for the enhanced mandatory minimum, which it had not done before Petitioner's guilty plea, the Government agreed that the ten-year mandatory minimum based on the drug quantity applied to Petitioner. (Motion to Dismiss Prior Offender Information, ECF No. 874; Order, ECF No. 879.) The parties modified the plea agreement to provide that Plaintiff waived his right to appeal from a sentence that did not exceed 240 months, rather than the 276 months to which the parties agreed before the First Step Act became law. (Modification of Plea Agreement, ECF No. 915.)

In October 2019, the Court sentenced Petitioner to 240 months in prison to be followed by five years of supervised release. (Judgment, ECF No. 961.) Petitioner did not file an appeal.

## DISCUSSION

**A.     Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

*"[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002).

"[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.      Firearm Enhancement**

Petitioner argues that his attorney provided ineffective assistance of counsel by failing to object to a firearm-related guideline sentencing enhancement. (Motion at 7; Amended Motion at 3–5; Reply at 1–3, ECF No. 1071.) The Court found that the conspiracy, which Petitioner led, trafficked in firearms and some members were involved in drug-related shootings and violence. (Sentencing Transcript at 47–48, ECF No. 994.) Even without evidence that Petitioner possessed a firearm or specifically directed subordinates to use firearms, the Court did not err in applying the U.S.S.G. §2D1.1(b)(1) enhancement to Petitioner based on the foreseeable acts of his co-conspirators. *See United States v. Miranda-Martinez*, 790 F.3d 270, 276 (1st Cir. 2015). Because an objection to the firearms guideline enhancement lacked merit, counsel's performance was not deficient, and Petitioner was not prejudiced as a result of his attorney's decision.[2]

**C.      Mandatory Minimum Sentence for Prior Conviction**

Petitioner argues that his attorney provided ineffective assistance when he advised Petitioner against withdrawing his guilty plea because if Petitioner did so, the Government could file new charging documents and apply a higher mandatory minimum sentence. (Motion at 8; Amended Motion at 6–7, Reply at 3–5.) Under the original indictment and

---

[2] Petitioner also argues that counsel was ineffective because he did not thoroughly explain the firearm guideline enhancement before Petitioner pled guilty. Petitioner's argument fails because he cannot show that he was prejudiced by that issue in deciding to plead guilty. *See Moreno-Espada v. United States*, 666 F.3d 60, 65 (1st Cir. 2012) (an attorney's failure to accurately calculate guideline sentence, without more, generally does not establish prejudice). The likelihood that Petitioner would have decided against a guilty plea is particularly remote given the Court's warnings about the possible sentence, and given the greater magnitude of the other sentence-related issues, including the mandatory minimum sentence, which, as Petitioner was originally advised, was equivalent to the 240-month sentence ultimately imposed.

7

the § 851 information, Petitioner pled guilty when a mandatory minimum sentence of twenty years applied. (Information, ECF No. 357); 21 U.S.C. § 841(b)(1)(A) (2016). After the First Step Act became law, the mandatory minimum became fifteen years, not twenty, but new requirements were also added, including that (1) the prior offense was punishable by more than ten years imprisonment, (2) the offender was released from prison after the prior sentence within fifteen years of the new offense, and (3) the offender served at least twelve months in prison for the prior conviction. 21 U.S.C. § 841(b)(1)(A) (2019); 21 U.S.C. § 802(57) (2019); 18 U.S.C. § 924(e)(2). Because the Government had not charged Petitioner with the new requisite facts, it agreed that an enhanced mandatory minimum based on the prior conviction no longer applied, which left a ten-year mandatory minimum based on the drug quantity.

By pleading guilty when he did, therefore, Petitioner's mandatory minimum sentence was lower than the mandatory minimum sentence he would have faced if he had pled guilty either earlier or later. Although Petitioner argues that his attorney was incorrect in his advice because Petitioner would not have been subject to an enhanced mandatory minimum after enactment of the First Step Act, the record lacks any evidence to suggest that the Government would have been unable to seek the new fifteen-year mandatory minimum if Petitioner withdrew his guilty plea. *See* Presentence Investigation Report ¶ 35 (PSR) (noting six-year sentence for the 2006 prior offense); New York Penal Law § 70 (setting a maximum penalty of fifteen years for class C felonies). The Government also asserts it informed Petitioner's attorney that it was pursuing records related to a second prior conviction, which could have increased the mandatory minimum sentence even

8

further if Petitioner had withdrawn his plea. In short, even if Petitioner had requested and been permitted to withdraw his guilty plea, the record reflects that the Government would have been able to charge him with the factors necessary to impose a higher mandatory minimum sentence than the ten year mandatory minimum that applied at sentencing. Counsel's caution about the possible application of a higher mandatory minimum sentence if Petitioner withdrew his guilty plea was sound.

Petitioner, therefore, has failed to show that his attorney's performance was deficient when he advised Petitioner against withdrawing his guilty plea or that Petitioner was prejudiced by his attorney's conduct.

**D.     Alternatives to Plea Agreement**

Petitioner contends his attorney provided ineffective assistance because he failed to advise him of the alternatives to the plea agreement and the consequences of the other options. (Amended Motion at 8; Reply at 6.) First, the record reflects that Petitioner's attorney discussed with him the alternatives of trial and an open plea. (See Memorandum, ECF Nos. 1049-3.) Furthermore, Petitioner provides no evidence or plausible argument that would support a finding that he would have obtained a more favorable result if he had proceeded to trial or pursued an open plea rather than proceed with the plea agreement. Petitioner thus has not established deficient performance or prejudice.

**E.     Directive to File an Appeal**

The Supreme Court has explained trial counsel's obligation concerning a defendant's right to appeal as follows:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

A defendant need not use "magic words" in order to "reasonably demonstrate" an interest in appealing; saying something that indicates a desire to pursue further relief that might be available is enough, but merely expressing displeasure at sentencing is insufficient to trigger the duty to consult about an appeal. *Rojas-Medina v. United States*, 924 F.3d 9, 17 (1st Cir. 2019). The term "consult" in this context means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. "If counsel has consulted with the defendant . . . [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.*

Because a presumption of prejudice applies to a loss of the opportunity to pursue an appeal, "[a] defendant is not required to show that an appeal is likely to be successful . . . ." *Rojas-Medina*, 924 F.3d at 16. In order to satisfy the prejudice prong of the *Strickland* inquiry, a defendant only needs to "demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega* at 484.

Petitioner does not allege a failure to consult regarding an appeal. Instead, Petitioner alleges he directed his attorney to file an appeal and his attorney failed to do so. (Motion

10

at 11, Amended Motion at 9–10, Reply at 7–8.)  That assertion is not supported by the record evidence.

Petitioner's sentence of 240 months in prison was well below the advisory guideline range of 360 months to life, (*see* PSR ¶ 53), Petitioner waived his right to appeal from a sentence that did not exceed 240 months, and Petitioner has not identified the grounds for any appeal.  Shortly after the deadline for filing an appeal elapsed, Petitioner contacted the Clerk's office purporting to inquire about the status of his appeal, but Petitioner never filed an appeal even after he raised the issue.  Furthermore, the contemporaneous evidence from his attorney contradicts Petitioner's assertions that he asked counsel to file an appeal.  (*See* Memorandum, ECF No. 1049-4.)  The record evidence, therefore, fails to support Petitioner's contention that he directed his attorney to file an appeal, but his attorney failed to do so.  *See DeCato v. United States*, 51 F. App'x 888, 889 (1st Cir. 2002) (highlighting guilty plea, similar sentence imposed to that of plea agreement, and "negligible prospect of success" on stated assignments of error).

## F.    Directive to File a Motion to Withdraw the Guilty Plea

Petitioner claims his attorney provided ineffective assistance of counsel by failing to follow through on Petitioner's request to file a motion to withdraw Petitioner's guilty plea.  (Amended Motion at 11–12, Reply at 9–11.)  Petitioner evidently considered a withdrawal of his guilty plea after the First Step Act was passed into law, (see Memorandum, ECF Nos. 1028-2, 1049-2), but the record contains no evidence, other than Petitioner's assertion, that he directed his attorney to file a motion to withdraw the guilty plea.  In addition, Petitioner's contention that he directed counsel to file a motion is

inconsistent with his claim that counsel was ineffective because he advised Petitioner not to seek to withdraw the plea because of the possibility of a higher mandatory minimum sentence. *See supra*. That is, Petitioner's argument regarding counsel's advice suggests that Petitioner followed the advice and, therefore, did not direct Petitioner to file a motion to withdraw the plea. Finally, Petitioner also spoke at the sentencing hearing and took responsibility for his conduct, and he gave no indication that he wished to withdraw his guilty plea. (Sentencing Transcript at 36–38.) In sum, Petitioner has failed to demonstrate that counsel failed to file an appeal after Petitioner directed him to do so.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255 and dismiss Petitioner's motion. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of March, 2021.